# MINNEAPOLIS BREWING COMPANY v. NIC GRATHEN
## and Others.[1]

June 17, 1910.

Nos. 16,614—(135).

**Promissory note — charge to jury.**
> Action on a promissory note. Defense, that the respondent signed it, without negligence on his part, relying upon the false representation that it was a liquor dealer's bond. *Held*, that the trial court did not err in its charge to the jury, and that the evidence sustains the verdict.

Action in the district court for Winona county to recover $1,000 upon a promissory note. The material allegations of the answer are stated in the opinion. The case was tried before Snow, J., and a jury which returned a verdict in favor of defendant Riechmann. From an order denying plaintiff's motion to vacate the verdict and for a new trial, it appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.
*Webber & Lees,* for respondent.

START, C. J.

This action was brought in the district court of the county of Winona upon a promissory note, dated September 14, 1905, for $1,000. There was a verdict for the defendant Riechmann, and the plaintiff appealed from an order denying its motion for a new trial.

It is first necessary to construe the answer of Riechmann before considering the assignments of error. The allegations of his answer, so far as here material, are to the effect following: He alleged that on September 15, 1905, at the request of the defendant Nic Grathen, he signed an instrument purporting to be a liquor dealer's bond, which had been prepared by the plaintiff and delivered to Grathen, with the statement that it was a liquor dealer's bond, which he must

[1]Reported in 126 N. W. 827.

execute with two sureties, and that it was the same as a liquor dealer's bond executed by him the previous year; that Grathen was then and for a year prior thereto had been conducting a saloon in the city of Winona as agent for plaintiff, and was engaged in selling beers for plaintiff at such saloon, though the license for carrying on the saloon had been issued in the name of Grathen; that the plaintiff had attended to and supervised the business of securing such license in September, 1904, and had employed Grathen to sell its beers during the whole of the year then next following; that, because of the confidential relations which then existed between plaintiff and Grathen, the latter believed the statements so made to him, and, so believing, he requested this defendant to sign his liquor dealer's bond, and stated that the instrument which he then had had been prepared by the plaintiff, and that it was the same as a liquor dealer's bond which this defendant had signed for him the previous year, and that he had been directed by plaintiff to procure the signature of two sureties upon the bond; that he was going to carry on a saloon for plaintiff during the following year, as he had done before, and that he must get a liquor dealer's bond in order to do so, and, further that the defendant did not read the instrument, but relied wholly upon the aforesaid statements of Grathen as to its nature and contents, and, so relying, he signed the same in the belief that he was executing only a liquor dealer's bond as surety for Grathen; that the defendant signed no other instrument of any sort for or with the defendant Grathen during the month of September, 1905, and if the instrument which he so signed is in form a promissory note, as alleged in the complaint, then his signature thereto was obtained by the aforesaid fraudulent representations, trick, and artifice of the plaintiff as to the nature and terms of the instrument so signed; that at the time of signing the instrument he did not know or believe it to be a promissory note, and that he was not guilty of negligence in relying upon the statements of Grathen as to the nature of the instrument, or in signing the same without knowledge of its terms.

The allegations of the answer are somewhat involved; but, liberally construing them, as we must, it is reasonably clear that the answer alleges two defenses.

It alleges facts which show that there was no consideration for the instrument, or note, signed by Riechmann, for the reason that, if Grathen was, as alleged, the agent of the plaintiff, and operating the saloon for it, and the instrument was to be executed for the benefit of the plaintiff, and not for Grathen, then there was no consideration for the instrument moving from the plaintiff to Grathen, its agent; hence there was no consideration for Riechmann's execution of the instrument, for he was surety only for Grathen in a matter in which he was acting as agent for the plaintiff. If there was no consideration for the instrument or note signed by Riechmann, it was a complete defense, even if he was negligent in executing it.

The answer also alleges the manner in which his signature was obtained to the instrument which he believed to be a bond, and not a note, by reason of false representations, as to its nature, originated and made by the plaintiff to Grathen, who, believing them to be true, repeated them to Riechmann, who, believing the statements so made to him by Grathen, and relying thereon, without negligence, signed the note, believing it to be a bond. These facts, if proven, also constitute a defense. It is true, as claimed by the plaintiff, there was no allegation that plaintiff told Grathen to get Riechmann to sign the instrument, or that it directed him to repeat to Riechmann its statements as to the character of the instrument, nevertheless the answer states a defense; for it alleges that the representation as to the character of the instrument was false, and it is immaterial whether Grathen, in making it, was the agent of the plaintiff or its confiding dupe as to the character of the instrument.

The trial court instructed the jury to the effect following: First. If the plaintiff either directed or expected and intended that its representations to Grathen as to the nature and purpose of the instrument to be executed should be passed on to Riechmann, then it would not lie in the mouth of the plaintiff to claim that he had no right to believe the representation, or that he was negligent in acting upon it. Second. On the other hand, if the representation was made by Grathen alone, without the direction or expectation by the plaintiff that it should be made to Riechmann, then the plaintiff would not be at fault for the making of the representation by Grath-

en. It would be necessary, if such be the case, for Riechmann to show by a fair preponderance of the evidence that he was not negligent in signing the note in alleged reliance upon the representation of Grathen. The giving of these instructions is assigned by the plaintiff as error, for the reason that they were not justified either by the answer or the evidence.

It is true, as claimed by plaintiff, that the answer does not directly allege that the plaintiff either directed or expected and intended that Grathen should go to Riechmann and repeat the alleged representation made by plaintiff to him; but the answer does allege that plaintiff prepared the instrument, which turned out to be a promissory note, delivered it to Grathen, and then represented to him that it was a liquor dealer's bond, which he must execute with two sureties, and, further, that because of the confidential relations between the plaintiff and Grathen he believed the representations and repeated them to Riechmann, coupled with the request that he should sign his liquor dealer's bond. It may be fairly implied from these direct allegations that the plaintiff expected and intended that his alleged false representations as to the character of the instrument would be repeated to the parties Grathen might request to sign the instrument as his sureties.

It may be conceded that a pleading in which an essential part is only alleged argumentatively is demurrable; but the objection may be disregarded unless so raised. In this case the objection to the answer here urged was not made until the close of the trial. We are of the opinion that the allegations of the answer justified the giving of the instructions. An examination of the evidence leads us to the conclusion that the giving of the instructions was also justified by the evidence. In reaching this conclusion we have not overlooked the fact that the evidence is reasonably conclusive that Grathen was not the agent of the plaintiff as alleged in the answer. But the allegation as to the agency was only relevant to the defense of want of consideration, and inasmuch as the defense was expressly taken from the jury by the trial court the failure of proof of agency was immaterial.

The other assignments of error relate to the sufficiency of the

evidence to sustain a verdict for the defendant Riechmann as to each question submitted to them. The evidence was radically conflicting. Some of it, so far as its credibility may be judged by an inspection of the record, seems improbable; but its credibility was a question for the jury, subject to the discretionary control of the trial judge, who exercised his discretion and denied a new trial for the reason that "the evidence is not so clearly insufficient to justify the jury's finding as to warrant vacation of it, especially in view of the fact that there have been two trials of the action by jury, both resulting in a verdict in Riechmann's favor." We hold that the evidence is sufficient to sustain the verdict.

Order affirmed.